# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TROY VOIT,**
    **Petitioner,**

    v.
                                              **Case No. 07-C-354**
                                                      **(Criminal Case No. 02-CR-267)**

**UNITED STATES OF AMERICA,**
    **Respondent.**

## DECISION AND ORDER

On March 7, 2007, petitioner Troy Voit filed, under his criminal case number, a motion to reverse his conviction of unlawful transfer of a machine gun, arguing that his guilty plea to that charge was invalid and coerced by counsel. Upon reviewing the motion, I concluded that it substantively presented issues within 28 U.S.C. § 2255. Therefore, on March 8, 2007, I provided petitioner with the warnings required by <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003) and <u>Henderson v. United States</u>, 264 F.3d 709, 711 (7th Cir. 2001). I explained that in order to consider the motion, I would convert it to a motion under § 2255. I further advised petitioner that characterization of his filing as a § 2255 motion could preclude later collateral proceedings under § 2255 ¶ 8. Finally, I provided petitioner with the opportunity to clarify or withdraw his motion, or add any other arguments for collateral relief he believed he had. I directed him to respond within twenty days.

On March 15, 2007, petitioner filed an amended motion. However, the amended motion was virtually identical to the March 7 filing, and it did not directly respond to my March 8 Order or refer to § 2255. It appears that the only material difference between the two filings is that

the latter cites 5 U.S.C. §§ 702, 703 & 706, which petitioner believes provide the court with jurisdiction to review his claims. However, those statutes pertain to judicial review of administrative agency actions and have no applicability to criminal matters. Therefore, I will, as explained in the March 8 Order, convert the motion to one under § 2255 and analyze it under Rule 4 of the Rules Governing § 2255 Proceedings.

Rule 4 requires me to preliminarily examine a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer . . . .

Rule 4(b), Rules Governing § 2255 Proceedings. Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1.

## I. FACTS AND BACKGROUND

Petitioner pleaded guilty to count two of an indictment charging him with counterfeiting, contrary to 18 U.S.C. § 471, and count one of an information charging unlawful possession and transfer of a machine gun, contrary to 18 U.S.C. § 922(o), pursuant to a plea agreement with the government. The plea agreement set forth the following factual basis regarding the machine gun count:

> l. With respect to the conduct charged in count one of the information, Voit acknowledges that in or about July 2002, he purchased a machine gun, bearing the markings "762," "SHE," "S07824," and "1952" from Andrew Pope for $400. At the time Voit purchased the machine gun, he understood that it was a "fully automatic" machine gun, i.e., a weapon that shoots, is designed to shoot, or can

2

be readily restored to shoot, automatically more than one shot, without manual reloading, by a single pull of the trigger. On the same night that Voit purchased the machine gun from Pope, Voit sold the gun for $400 to a friend, Joseph Lazarro, who resided in Milwaukee County.

m. In the Spring or Summer of 2002, Voit sold two other firearms to Joseph Lazarro "on credit," which Lazarro later returned to Voit. Those firearms were an Australian Arms .22 caliber pistol and an [sic] .25 caliber pistol. Voit also sold a 9mm Ruger to Adams County resident John L. but took it back when John L. failed to pay.

n. At the time Voit possessed and transferred the firearms described in the preceding two paragraphs, Voit was a felon. Voit acknowledges that, on or about May 8, 2000, he was found guilty of maintaining a drug trafficking place, a felony violation of Wis. Stat. § 961.42(1), in Milwaukee County Circuit Court.

(Plea Agreement [R. 9] at 4-5, Case No. 02-CR-267.) The plea agreement further stated: "The defendant admits to these facts and that these facts establish his guilt beyond a reasonable doubt[.]" (Id. at 3.) On March 17, 2003, I conducted a plea hearing at which I questioned petitioner, found a sufficient factual basis and accepted his guilty pleas. I ordered a pre-sentence report ("PSR") and set the matter for sentencing.

The PSR calculated an offense level of 24 and criminal history category of VI, producing an imprisonment range of 100-125 months under the sentencing guidelines. At sentencing, I denied petitioner's motion for a downward departure and sentenced him to 100 months in prison on each count to run concurrently. He took no appeal.

## II. DISCUSSION

In the amended motion,[1] petitioner seems to contend that the factual basis for his plea was insufficient. He states that he made no admissions to any trier-of-fact as to his possession

---

[1]As noted above, the original and amended motions are basically the same. However, I will specifically address the amended version. See Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

3

or transfer of a machine gun, but the government used statements from others to accuse him. He further argues that the government failed to prove that he was in actual or constructive possession of the machine gun, which was discovered at Lazarro's home pursuant to a search warrant.

The claim fails. Petitioner did not move to withdraw his plea before me, and he did not raise the issue on direct appeal, procedurally defaulting it for collateral review. See Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002); Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995). A defaulted claim may be considered under § 2255 only if the petitioner can show good cause for failing to raise the issue previously and actual prejudice based on the alleged error. Galbraith, 313 F.3d at 1006. Petitioner makes no effort to demonstrate cause,[2] and because the claim lacks any merit he cannot show prejudice. The plea agreement contains an adequate factual basis for the plea, as set forth above. See United States v. Baez, 87 F.3d 805, 810 (6th Cir. 1996) (stating that "a factual basis set forth in a plea agreement is sufficient to satisfy Rule 11(f)"); United States v. Musa, 946 F.2d 1297, 1302 (7th Cir. 1991) (stating that the judge may "find the factual basis from anything that appears on the record" and need not obtain a confession from the defendant). In the plea agreement, defendant admitted that he purchased, possessed and transferred the machine gun, and that he knew the weapon

---

[2]On the first page of the motion, petitioner asserts, without elaboration, that his plea agreement was coerced at the direction of his counsel. However, he fails to develop an ineffective assistance claim in his supporting memorandum of law. An ineffective assistance claim under § 2255 requires more than a bald assertion of wrongdoing by the defendant's lawyer. See United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) ("Conclusory allegations of ineffective assistance are insufficient to satisfy a defendant's burden of showing cause."); see also United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005), cert. denied, 126 S. Ct. 1022 (2006) ("Turcotte's unsubstantiated and largely conclusory statements fall far short of carrying his burden of persuasion as to the two elements of the test outlined in Strickland v. Washington, 466 U.S. 668, 689 (1984)).

4

possessed the characteristics of a machine gun. The fact that the machine gun was later found in Lazarro's house does not disestablish petitioner's guilt. Indeed, it was the transfer to Lazarro that formed the basis for the charge.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is characterized as a § 2255 motion, the motion is summarily **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge