# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        Plaintiff,

v.                                               **Case No. 02-CR-267**

**TROY VOIT,**
        Defendant.

## ORDER

Defendant Troy Voit, whom I sentenced to 100 months in prison on counterfeiting and firearm charges in June 2003, has filed a "motion for downward departure" pursuant to 18 U.S.C. §§ 3231, 3553(a) and 3742(e)(3). In a supporting memorandum, he argues for a lower sentence based on his remorse and rehabilitative efforts. He attaches to the memorandum certificates verifying his completion of various courses in prison.

Defendant is to be commended for his achievements. He appears to be making good use of his time in prison. However, the district court lacks jurisdiction to reduce a sentence years after it was imposed on grounds such as those presented here. See United States v. Zingsheim, 384 F.3d 867, 871 (7th Cir. 2004) (citing Fed. R. Crim. P. 35; Romandine v. United States, 206 F.3d 731 (7th Cir. 2000)).[1]

**THEREFORE, IT IS ORDERED** that defendant's motion is **DISMISSED** for lack of

---

[1] Defendant previously filed a motion attacking his conviction in this case. After providing appropriate warnings, I characterized that motion as one under 28 U.S.C. § 2255 and denied it. See Voit v. United States, No. 07-C-354 (E.D. Wis. Apr. 17, 2007) (Order denying motion). Therefore, I also lack jurisdiction to consider any second or subsequent motions under § 2255 in this case. See 28 U.S.C. § 2255 ¶8; Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

jurisdiction.

    Dated at Milwaukee, Wisconsin, this 12th day of July, 2007.

                                        /s Lynn Adelman

                                        _____
                                        LYNN ADELMAN
                                        District Judge